UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL EUGENE DEMONS,

    Plaintiff,

v.                                                                     Case No. 3:13cv141/LC/CJK

KOURTNEY B. SPRUILL,

    Defendant.
_____/

AMENDED ORDER and
REPORT AND RECOMMENDATION[1]

Plaintiff, an inmate proceeding *pro se*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 19). Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim, and that the complaint should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Okaloosa County Jail. Plaintiff names one defendant–Okaloosa County Sheriff's Department Officer Kourtney B. Spruill. (Doc. 19, p. 2). Plaintiff claims that on January 18,

---

[1] The Amended Order and Report and Recommendation differs from the original Order and Report and Recommendation (doc. 24) only with respect to the addition of the notice to the parties at the conclusion of this document.

2013 at 10:20 pm, he was "in the room with [his] girl" when Rasheem Hampton came in and stated that he "tried to stop them, but they're coming in." (Doc. 19, p. 5). After hearing this, plaintiff "ran out of the room into the kitchen" and "from the kitchen . . . made a left down the hall to one of the back rooms . . . ." (Doc. 19, p. 5). Plaintiff then opened a window but was met with a light shining into his face. In response, plaintiff ran into another room. At that time, plaintiff "heard a pop" and his "legs went out" and he "went to the ground." Plaintiff claims defendant Spruill tasered him. After being tasered, plaintiff continued to move and attempted to reach for his cell phone. In response, defendant Spruill told plaintiff, "if you keep moving I'll tase you again." Officer Spruill then ordered plaintiff to put his hands behind his back, handcuffed him, and escorted him to her patrol car. Once at the patrol car, a male officer searched the plaintiff. Plaintiff claims he was never read his "rights." (Doc. 19, p. 5). Plaintiff claims officer Spruill used excessive force on him and that he did not even know he was in a "foot chase" with a police officer. Plaintiff further contends that he did not present a threat to officer Spruill and that officer Spruill failed to identify herself as a police officer. As a result of being "tased" twice by defendant Spruill, plaintiff claims he has "constant pain" in his left shoulder and neck, as well as very little use of his left arm. (Doc. 19, p. 6).

As a result of the foregoing events, plaintiff claims his Fourth Amendment rights were violated through the use of excessive force. (Doc. 19, p. 7). In relief, plaintiff requests monetary damages, injunctive relief, lost wages, and future medical compensation. (Doc. 19, p. 7).

## DISCUSSION

Because plaintiff is a prisoner, the court is required to dismiss his complaint if the court determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1968-69 (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). The complaint is also subject to dismissal for failure to state a claim if the allegations – on their face – show that an affirmative defense bars recovery on plaintiff's claims. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

The facts as presented in plaintiff's complaint fail to support a viable claim for relief under § 1983 as to the named defendants. In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

>    1. whether the conduct complained of was committed by a person acting under color of state law; and

>    2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

As to plaintiff's claim of excessive force, "[t]he Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Draper v. Reynolds*, 369 F.3d 1270, 1277 (11th Cir. 2004). "[I]n determining if force was reasonable, courts must examine (1) the need for the application of force, (2) the relationship between the need and amount of force used, and (3) the extent of the injury inflicted." *Id*. at 1277-78. An officer's decision to use force is not made in isolation and therefore assessments of such a decision's reasonableness must account "for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (noting that proper application of the reasonableness test "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others,

and whether he is actively resisting arrest or attempting to evade arrest by flight"). Here, plaintiff readily admits that he attempted to flee from law enforcement and describes in detail how he ran room to room in an effort to evade capture. He also describes how he continued to move and reach for his cell phone after being "tased" by officer Spruill. Importantly, plaintiff's flight and continued movement could easily be viewed by law enforcement as an attempt to procure a weapon. Based on plaintiff's complaint, officer Spruill's use of a taser, even if used twice, was reasonable. Accordingly, plaintiff's claim of excessive force fails and should be dismissed.

Accordingly, it is ORDERED:

1. The undersigned's previous Order and Report and Recommendation (doc. 24) is VACATED.

2. Plaintiff's motion for an extension of time of one year (doc. 23) is DENIED.

And it is respectfully RECOMMENDED:

1. That plaintiff's claims be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 22nd day of May, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).